**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MICHAEL WADE,                                                                                    PLAINTIFF
ADC # 151652

v.                                           1:12-cv-00140-DPM-JJV

MELVIN NANCE, Dr., North Central Unit,
Arkansas Department of Correction; *et al.*                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr. Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff, Michael Wade, is an inmate at the Arkansas Department of Correction (ADC) Grimes Unit.  He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging the Defendants were deliberately indifferent to his serious medical needs and "failed to provide adequate treatment, care, and medications for [his] serious medical needs."  (*Id.* at 4.)  After careful review of the Complaint, the Court finds that it should be dismissed pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted.

## I.      SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."   *Id.*

## II.    COMPLAINT

In support of his Complaint, Plaintiff attaches grievance # GR-12-01439 with the final decision. (Doc. No. 2 at 7.)  Plaintiff suffers chronic pain in his back, arms, shoulders, legs, hips, and neck.  (*Id.* at 2, 7.)  Prior to his incarceration, his primary care physician, Dr. Walker, and his pain management provider, Dr. Stone, treated his pain with a combination of prescribed medications: Hydrocodone, Tramadol, Soma, Neurotin, and steroid injections.  (*Id.* at 4, 5.)  Plaintiff asserts the Defendants have ignored his prescribed course of treatment and have treated him with ineffective medication.  (*Id.*)  As a result, he has suffered and continues to suffer constant pain and spends "most of [his] time in bed missing meals and having difficulty sleeping."  (*Id.*)

On March 27, 2012, Plaintiff was referred to chronic care and on April 11, 2012, he was prescribed 25 mg of Nortriptyline.  (*Id.*)  On April 23, 2012, Plaintiff was also prescribed 500 mg of Naproxen.  On July 3, 2012, Naproxen was discontinued and Plaintiff was instead prescribed Salsate.  (*Id.*)  His Nortriptyline dosage was increased to 50 mg on August 20, 2012.  (*Id.* at 7.)  On a date unknown, Plaintiff states he "complained that these medications were not working, all were stopped except the Salsate and Neurontin added."  (Doc. No. 2 at 5.)

On September 6, 2012, Dr. Nance reviewed Plaintiff's medical records and found they did

not contain any information suggesting that his current treatment needed to be altered. (Doc. No. 2 at 7.) Plaintiff, however, claims his records from Drs. Walker and Stone state the medications prescribed by Defendants have not worked on him for at least ten years. (*Id.* at 4.) Plaintiff asserts that Defendants have failed to provide him with adequate treatment, care, and medication for his serious medical needs. (*Id.*)

The Director's final decision further details the medical care, prescriptions and medications provided to Plaintiff. In conclusion, Ms. Kelley stated that Plaintiff has "been seen for [his] complaints and treated as deemed appropriate and clinically indicated in [the] provider's medical judgment." (Doc. No. 2 at 7.)

## III.  ANALYSIS

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir.1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir.2006).

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

The Court has carefully reviewed Plaintiff's Complaint and concludes that his claim is a disagreement with the Defendants' treatment decisions. He is receiving treatment. (Doc. No. 2, p.7.) Understandably Plaintiff believes this treatment is "inadequate" because he is still in pain and allegedly his treatment is not up to par with treatment provided by Drs. Stone and Walker. *Id.* Yet, Plaintiff's Complaint establishes that this is a disagreement with treatment decisions rather than a question of inadequate care. The Court comes to this conclusion because the record shows Dr. Nance reviewed the medical records from Dr. Walker and found these records "did not contain any information that altered [Plaintiff's] current treatment." *Id.* As noted by Director Wendy Kelley, "You have been seen for your complaints and treated as deemed appropriate and clinically indicated in your provider's medical judgment."

The undersigned is sympathetic to Plaintiff's claims of pain and discomfort. But the Eighth Amendment simply does not guarantee Plaintiff the medical care commensurate with that he enjoyed before his incarceration. *Hines v. Anderson*, 547 F.3d 915, 922 (8th Cir. 2008). Therefore, the Complaint (Doc. No. 2) should be DISMISSED without prejudice pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted.

5

IV.     **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.     The Complaint (Doc. No. 2) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.     Dismissal of the Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. §1915(g).[1]

3.     The Court should certify, pursuant to 28 U.S.C. §1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation, and the accompanying Judgment, would not be taken in good faith.

DATED this 28th day of January, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).